


FORM TO BE USED BY A PRISONER FILING A
42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## I. CAPTION

LEROY ANTONIO WILSON
(Enter the full name of the plaintiff or plaintiffs)

v.

CORPORAL JAMIE O'NEILL; BOROUGH OF POTTSTOWN;

POTTSTOWN POLICE DEPARTMENT; CHEIF MARK FLANDERS;

CAPTAIN EWINGS; SGT. JOHN DOE (christian name not yet knowned)
(Enter the full name of the defendant or defendants)

FILED
AUG - 3 2005
MICHAEL E. KUNZ, Clerk
By _____ D. Clerk

## II. PARTIES

**a. Plaintiff**

Full name: LeRoy Antonio Wilson

Prison identification number: 05-2320

Place of present confinement: MONTGOMERY COUNTY CORRECTIONAL FACILITY

Address: 60 EAGLEVILLE RD.; NORRISTOWN, PA. 19403

Place of confinement at time of incidents or conditions alleged in complaint, including address:

11 SOUTH FRANKLIN ST. APT-2; POTTSTOWN, PA. 19464

Additional plaintiffs: Provide the same information for any additional plaintiffs on the reverse of this page or on a separate sheet of paper.

**b. Defendants:** (list only those defendants named in the caption of the complaint, section I)

1. Full name including title: CORPORAL JAMIE O'NEILL

   Place of employment and section or unit: POTTSTOWN POLICE DEPARTMENT

2. Full name including title: BOROUGH OF POTTSTOWN    100 E. HIGH ST. POTTSTOWN, PA.

   Place of employment and section or unit: 100 E. HIGH ST. POTTSTOWN, PA.

3. Full name including title: POTTSTOWN POLICE DEPARTMENT

   Place of employment and section or unit: 100 E. HIGH ST. POTTSTOWN, PA.

4. Full name including title: CHEIF MARK FLANDER

   Place of employment and section or unit: 100 E. HIGH ST. POTTSTOWN, PA.

Additional defendants: Provide the same information for any additional defendants on the reverse of this page or on a separate sheet of paper.

Page 1

I.   CAPTION

LEROY ANTONIO WILSON
   (plaintiff)


        vs.


also (DEFENDANTS)

DISTRICT JUSTICE JOHN DURKINS;
PENNSYLVANIA BOARD OF PROBATION & PAROLE;
ACTING SUPERVISOR DENNIS POWELL; AGENT SCOTT
DOMINICK; JOHN & JANE DOE; SGT. RAYMOND JOHN
HAVRILAK, et. al.



II.  B.  DEFENDANTS

5.   CAPTAIN EWINGS
     100 E. HIGH ST. POTTSTOWN, PA.

6.   SGT. JOHN DOE (christian name not yet knowned)
     100 E. HIGH ST.  POTTSTOWN, PA.

7.   JOHN & JANE DOE (christian name not yet knowned)
     100 E. HIGH ST. POTTSTOWN, PA.

8.   DISTRICT JUSTICE JOHN DURKINS
     2093 E. HIGH ST. POTTSTOWN, PA.

9.   PENNSYLVANIA BOARD OF PROBATION & PAROLE
     1101 S. FRONT ST. SUITE 5400,
     HARRISBURG, PA. 17104-2520

10.  ACTING SUPERVISOR DENNIS POWELL
     STATE PAROLE OFFICE, JOHNSON HIGHWAY &
     NEW HOPE STS., NORRISTOWN, PA. 19401

11.  AGENT SCOTT DOMINICK
     STATE PAROLE OFFICE, JOHNSON HIGHWAY &
     NEW HOPE STS., NORRISTOWN, PA. 19401

12.  SGT. RAYMOND JOHN HAVIRLAK
     100 E. HIGH ST. POTTSTOWN, PA.

## III. PREVIOUS LAWSUITS

*Instructions:*

*If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested below. If you have not filed other lawsuits, proceed to Section IV, Administrative Remedies, on this page.*

*If you have filed other lawsuits, provide the following information.*

Parties to your previous lawsuit:

Plaintiffs __LEROY ANTONIO WILSON__

Defendants __BARRY L. GRIMM, et. al.__

Issues: __Harassment, false imprisonment, Deformation of Character, ect..__

Court: if federal, which district? __EASTERN DISTRICT (PHILADELPHIA) PA.__

if state, which county? ____

Docket number: __02-CV-8435__     Date filed: __?? 11/02__

Name of presiding judge: __PETRESE B. TUCKER__

Disposition: (check correct answer(s)); Date: __?? 1/05__

Dismissed __XX__  Reason? __NO REASON GIVEN. (have to check paperwork)__

Judgment ___ In whose favor? ____

Pending ___ Current status? ____

Other ___ Explain ____

Appeal filed? ___ Current status? ____

Additional lawsuits. Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.

## IV. ADMINISTRATIVE REMEDIES

*Instructions:*

*Provide the information requested below if there is an administrative procedure to resolve the issues you raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.*

a. **Describe the administrative procedures available to resolve the issues raised in this complaint:**

**Type of procedure. (grievance, disciplinary review, etc.)**
Grievance to parole Manager Ms. Clarissa Mcnitt. Penna. Board of Probation & Parole filed complaint with the Pa. Attorney General's Office, Concerning Pottstown Police. (no futher action)

**Authority for procedure. (DC-ADM, inmate handbook, etc.)**
_____

**Formal or informal procedure.** _____

**Who conducts the initial review?** _____

**What additional review and appeals are available?** Spoke to Some guy from the Penna. Board's Internal Affairs Unit about Acting Superv. Powell & Agent Dominick

b. **Describe the administrative procedures you followed to resolve the issues raised in this complaint before filing this complaint:**

**On what date did you request initial review?** April 29, 2005

**What action did you ask prison authorities to take?** I made a suggestion to the Pa. Board to withdrawl the violations and parole parolee into rehab/halfway House.

**What response did you receive to your request?** none

**What further review did you seek and on what dates did you file the requests?**
filed Administrative Notice/Relief June 1, 2005.

**What responses did you receive to your requests for further review?**
none

c. **If you did not follow each step of the administrative procedures available to resolve the issues raised in this complaint explain why.**
N/A

Page 3

### V. STATEMENT OF CLAIM

*Instructions:*

State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statutes. State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.

*Statement of claim:*

(SEE V. STATEMENT OF CLAIMS A. 1, B. 2, C. 3, D. 4)   ATTACHMENTS TO THIS

DOCUMENT.

### VI. RELIEF

*Instruction:* Briefly state exactly what you want the Court to do for you.

*Relief sought:*

SEE ATTACHMENT

### VII. DECLARATION AND SIGNATURE

I (we) declare under penalty of perjury that the foregoing is true and correct.

6-21-05
DATE

[signature]
SIGNATURE OF PLAINTIFF(S)

Page 4

## V. STATEMENT OF CLAIMS

1. Defendant Corporal Jamie O'Neill, at all times relevant to this complaint, was a Pottstown Police Officer, employed by the Pottstown Police Department, in MOntgomery County Pennsylvania. At all times Corporal Jamie O'Neill, was acting in such Capacity as a State Official, Agent, Servant and employee of the State Corporation of Pennsylvania. Defendant either directly or indirectly trained, by Superior Officials of the Pottstown Police Department.
   **(SUED INDIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS OFFICIAL CAPACITY)**

2. Defendant Borough of Pottstown, is a Municipal Corporation with the State Corporation of Pennsylvania. At all times relevant to this complaint it either directly or indirectly trained, controlled, made policy for employees, employed, supervised compensated, enriched and rewarded some or all the defendants for their action on April 19, 2005
   **(SUED INDIVIDUALLY, AND AS A PERSON)**

3. Defendant, The Pottstown Police Department, is a Municipal Corporation within the State Corporation of Pennsylvania. At all times relevant to this complaint it either directly or indirectly trained, controlled, made policy for employees, employed supervised, compensated, enriched and rewarded some or all of the other defendant for their action or April 19, 2005.
   **(SUED INDIVIDUALLY AND AS A PERSON)**

4. Defendant Cheif Mark Flanders, is the Cheif of Police, whom works for the Pottstown Police Department, employed by the Pottstown Police Department. At all times relevant to this complaint Cheif Mark Flanders, directly or indirectly trained, controlled, made policy for employees, employed, supervised, compensated, enriched and rewarded some or all of the defendants for their actions on April 19, 2005.
   **(SUED INDIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS OFFICIAL CAPACITY)**

5. Defendant Captin Ewings, is the Captain of the Police, whom is employed by the Pottstown Police department. At all times relevant to this complaint Captain Ewings, directly or indirectly trained, controlled, made policy for employees, supervised compensated, enriched and reward some or all of the other defendants for their actions on April 19, 2005.
   **(SUED INDIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS OFFICIAL CAPACITY)**

6. Defendant Sgt. John Doe, (christian name not yet knowned), is a Sergeant whom is employed by the Pottstown Police Department. At all times relevant to this Complaint Sgt. John Doe, directly or indirectly trained, controlled, made policy for employees, supervised, compensated, enriched and rewarded some or all of the other defendants for their action on April 19, 2005.
   **(SUED INDIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS OFFICIAL CAPACITY)**

(1)

B.

7. Defendant Justice John Durkins, employeed by the Borough of Pottstown. At the times relevant to this complaint, District John Durkins, directly of indirectly trained, controlled, made policy for employees, supervised, compensated, enriched, and rewared some or all of the defendants for their action of April 19, 2005.
**(SUED INDIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS OFFICIAL CAPACITY)**

8. Defendant John & Jane Doe, (Christian name not yet knowned), are employed by the Pottstown Police Department. At all time relevant to this complaint, was a Pottstown Police Officer. John and Jane Doe, acting in such capacity as a State Official, agent, servant, and employee of the State Corporation of Pennsylvania. Defendant either directly or indirectly trained by Superior Official of the Pottstown Police Department.
**(SUED INDIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS/HER OFFICIAL CAPACITY)**

9. Pennsylvania Board of Probation & Parole, is a corporation within the State of Pennsylvania. At all time relevant to this complaint it either directly or indirectly trained, controlled, made policy for employees, employed, supervised, compensated, enriched and rewarded some or all of the defendants for their actions involved with the complaint against the Pennsylvania Board of Probation & Parole, and their employees.
**(SUED INDIVIDUALLY AND IN IT'S OFFICIAL CAPACITY AS WELL AS A PERSON)**

10. Defendant(s) Acting Supervisor Dennis Powell, at all times relevant to this complaint was employed by the Pennsylvania Board of Probation & Parole. At all times Dennis Powell, was acting in such a capacity as State Official, Agent, servant and employee of a State Corporation of Pennsylvania. Dennis Powell, either directly or indirectly (were Allegedly) trained by the Penna. Board of Probation & Parole.
**(SUED INDIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS OFFICIAL CAPACITY)**

11. Defendant Agent Scott Dominick, at all times relevant to this complaint was an employee of the Penna. Board of Probation & Parole. At all times Agent Scott Dominick, was acting in such capacity as State Official, Agent, servant and an employee of a State Corporation of Pennsylvania. Agent Scott Dominick, either directly or indirectly(were Allegedly) trained by the Pennsylvania Board of Probation & Parole.
**(SUED IN DIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS OFFICIAL CAPACITY)**

12. Defendant Sgt. Raymond John Havirlak, at all times relevant to this complaint, was a Sergeant employed by the Pottstown Police Department. At all times Sgt. Havirlak, was acting in such capacity as A State Official, Agent, Servant and employee of the State Corporation of Pennsylvania.
Defendant Sgt. havirlak, either directly or indirectly trained by his superiors Official of the Pottstown Police Department.
**(SUED INDIVIDUALLY, WITH SPOUSE IF ANY AND IN HIS OFFICIAL CAPACITY)**

(2)

C.

**PENNA. BOARD OF          V. STATEMENT OF CLAIMS**
**PROBATION & PAROLE:**

1. Plaintiff, LeRoy Wilson was wanted on a parole violation for not reporting, no criminal charge.

2. Plaintiff did not report because duress that was placed on plaintiff by the Pennsylvania Board of Probation & Parole's employees Dennis Powell (acting Supervisor), and Agent Scott Dominick.

3. Agent Dominick, demanded plaintiff LeRoy Wilson and his mother Bessie L. Campbell, to give him (agent Dominick) a key to her residence, and if he did not receive a key it would be some kind of violation of **special condition #7**.

4. Agent Dominick, also made plaintiff and his mother get their caller Identification turned off of their telephone. **what Penna. Statue is this?**

5. Plaintiff, gave four (4) hot urines for cocaine, and requested to be placed in to a rehab, and was told by Acting Supervisor Dennis Powell, to get off of the Shit, Plaintiff reported this to his out-patient drug Counselor Allen, at the Creative health in Pottstown, that I had a habit and needed help.

6. In order to keep my freedom and liberty and not get violated, plaintiff was confronted with the possibilities of helping the parole agents set other parolees up that were allegedly selling drug. I was to get their cell phone numbers and Phone them and some how or another Acting Supervisor Powell & Agent Dominick, were in the process of having me deal with Raymond John Havirlak, which I was not allowed to have dealing with the Police in Pottstown, because of a pending Law Suite, 02-CV-8435 PBT. Acting Dennis Powell, did not care what order I was under he just wanted me to set someone up. This law suite also involved Raymond John Havirlak, of the Pottstown Police Department.

7. I had electric monitoring on my ankle, and had to be in the house at 8:00 pm, I was sent out to do undercover work, getting cell phone numbers of parolees and while out on the town, I got locked up by the Pottstown Police, for public drunkness. During the time I was out Harrisburg kept calling my home asking where I was at because I broke my curfew while doing undercover work. I got cursed out by Acting Supervisor Dennis Powell, about disclosing my position, and telling the Police that I was out doing undercover work for Powell.

8. Phased with the stress, fear and threats of going back to jail and setting up drug dealers, I removed my electric monitoring device, which caused me to be wanted by the Penna. Board of Probation & Parole. (Was there a Warrant Issued)?

(3)

D.

## V. STATEMENT OF CLAIMS

**POTTSTOWN POLICE:**

1. On April 19, 2005, I saw someone run from between two houses with their arm fully extended in my direction with an object in his hand, and yelled something at me. I ran thru. 408's back yard, and jumped over several fences which includes 408, 410, 412, 414 and 416's fences. Which I flipped over 416's fence and felt something hit me in the face that felt like a sledge hammer, which knocked me to the ground. As I tryed to get up and run someone put their foot on my neck. At that time I reached up and put my hand over my ear and pulled back with a hand full of blood. I heard a witness yell, pick him up to see if he is breathing. Another witness yelled, "Stink" so you want me to call your mom. (Witnesses will be named)

2. I was transported to the Police station, which is in a total different direction from the Pottstown Hospital. Shortly after I arrived a ambulance came transported me to the Hospital. Once at the hospital, I had to await a plastic surgeon to place my ear back onto my face.

3. I overheard several Officers, conversating about saying I got caught in Barb wire, at the Police Station, and the transporting Officer(will be named) kept telling the surgeon that it was barb wire.

4. Corporal Jamie O'Neill, came to the Pottstown Hospital, and was asked by the Plastic surgeon what happened to this man's ear, and Corporal Jamie O'Neill, "Stated I shot Him with a taser gun".

5. Corporal Jamie O'Neill, also came to the Hospital with a camera and took several pictures of my injuries, during the time the plastic surgeon was stitching my ear back together and placing it to my head.

(4)

D. (Cont. pg 4)

## V. STATEMENT OF CLAIMS

**POTTSTOWN POLICE:**

6. No prongs from a taser gun were ever removed from my body by any medics or any medical staff on April 19, 2005.

7. Corporal Jamie O' Neill was previously named in a 42 U.S.C.§ 1983 Civil Rights Complaint, filed by plaintiff and about 30 days or so after the complaint was dismissed, plaintiff is shot with a gun by Corporal Jamie O'Neill. Docket No. 02-CV-8435.

8. Corporal Jamie O'Neill, shot plaintiff in the face with a gun and not a Taser gun, which defendant used deadly force against plaintiff, when it is alleged that plaintiff was wanted on an alleged probation/parole violation.

VI. RELIEF

**FOR COMPENSATORY DAMAGES:**

Plaintiff request this Honorable Court to order the Defendants to pay all medical bills, future and present, which plaintiff is going to need further medical treatment for the hearing lost, and plastic surgery to repair scars sustained from the shooting.

Plaintiff also request this Honorable Court to order defendant to pay plaintiff for the physical pain and suffering plaintiff endured at the hands of the Defendants, as well as emotional distress.

Plaintiff further request that an order be rendered against the Pennsylvania Board of Probation & Parole and the Court of Common Pleas Montgomery County, to explunge all records concerning Docket No. 03195; 0936-03, and all matters be satisfied, due to the fact plaintiff, would only be subjected to harassment, discrimination and bias and pre-judical treatment, if plaintiff had to further report to this Agency.

Plaintiff, request that this Honorable Court to order the Defendants to pay plaintiff an excess of no less than $1,000,000 (One Million Dollars), for the violations of Plaintiff's Constitutional Rights.

**FOR PUNITIVE DAMAGES:**

For violating Plaintiff's **4th** Amendment Rights, defendants arrested plaintiff without a warrant or probable cause, supported by Oath of Official or Affirmation, to seize plaintiff's person and search plaintiff person. Furthermore, Defendants possessed a door **Key** to our residence under false pretenses, and had illegal entry into our residence without a warrant or probable cause and without permission. Defendant's Acted Outside of Color of Law, which governs their conduct.

For violating Plaintiff's **5th** Amendment Rights, Defendant's violated plaintiff Constitutional Rights by depriving plaintiff and his mother, life, liberty and pursuit of Happiness as well as property by demanding a door key to our residence for public use.

Defendant's Acted Outside of Color of Law, which governs their conduct.

For violating plaintiff's **8th** Amendment Rights. Defendant's Acting "Under Color of Law" Acted Outside of their Authority by shooting unarmed person whom was fleeing.

Defendants used excessive force and Acted Recklessly without cause, motivated by evil intent to cause death or serious bodily injuries.

(Cont. VI. Relief)

**PUNITIVE DAMAGES:**

For violating Plaintiff's **14th** Amendments, Defendants Acting Under Color of Law, Acted Outside of their Authority, violated plaintiff's Constitutional Rights as well as Constitutional Law, deprived plaintiff of Life, Liberty, and pursuit of Happiness, as well as Equal protection of the Law, Afflicted plaintiff to suffer greatly, by the injuries defendants caused, Under Direction to "Protect & Serve".

Plaintiff request that this Honorable Court to order the Defendants to pay plaintiff an excess of no less of $100,000 per violation per individual, for the violations that plaintiff had to endure and so that this type of conduct will not be tolerated.

Plaintiff Further request this Honorable Court to Award plaintiff's Attorney, Attorney Fees, Under "ATTORNEY FEES AWARD ACT OF 1976" due to the fact of the complex problems and complication with litigating a 42 U.S.C. § 1983 Civil Rights Complaint.

Plaintiff also wants this Honorable to see the seriousness of this matter when in fact an attempt to murder plaintiff was made by Corporal Jamie O'Neill and Officers of his Department as well as Agents of the Penna. Board of Probation & Parole Conspired with each other knowing that there was a past Civil Rights Complaint §1983, filed against the defendants. Plaintiff, will be petitioning this Honorable Court to appoint Counsel, so these charges can be properly addresses and resolved before plaintiff losses his life. A Attorney will need to be paid, Under the **"Attorney 's Fees Award Act of 1976"**

This is a on going matter with some Defendants involved from Docket No. 02-CV-8435.

Respectfully submitted,

*[signature]*

6-21-05