IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY ANTONIO WILSON, | : CIVIL ACTION |
| Plaintiff | : |
| v. | : |
| J.J. MORGAN, et al., | : |
| Defendants | : No. 05-2997 |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of Commonwealth defendants' motion to dismiss plaintiff's complaint and plaintiff's response thereto (if any), it is ORDERED that said motion to dismiss is GRANTED.  Plaintiff's claims against defendants the Pennsylvania Board of Probation and Parole, Scott Dominick, and Dennis Powell are hereby DISMISSED.

BY THE COURT:

_____
PETRESE B. TUCKER            J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY ANTONIO WILSON, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| J.J. MORGAN, et al., | : | |
| Defendants | : | No. 05-2997 |

COMMONWEALTH DEFENDANTS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Pennsylvania Board of Probation and Parole ("Parole Board"), Scott Dominick, and Dennis Powell (collectively, "Commonwealth defendants") hereby move to dismiss plaintiff's complaint, and state the following in support of this motion:

1. The Eleventh Amendment bars plaintiff's claims against the Parole Board and Dominick and Powell in their official capacities. Further, the Parole Board and Dominick and Powell in their official capacities cannot be sued for damages as they are not "persons" under 42 U.S.C. § 1983.

2. Plaintiff has not stated a viable claim under Section 1983 or the Fourth, Fifth, Eighth, or Fourteenth Amendments.

This motion is supported by the attached memorandum of law.

WHEREFORE, Commonwealth defendants respectfully request that the Court enter an order substantially in the form attached hereto, granting this

2

motion to dismiss and any such further relief as is proper and just.

|  |  |
|---|---|
|  | THOMAS W. CORBETT, JR.<br>Attorney General |
|  | /s GREGG W. MARSANO |
|  | Gregg W. Marsano<br>Deputy Attorney General<br>Attorney I.D. No. 87964 |
| Office of Attorney General<br>21 S. 12th Street, 3rd Floor<br>Philadelphia, PA 19107<br>Phone: (215) 560-1581<br>Fax:     (215) 560-1031 | Susan J. Forney<br>Chief Deputy Attorney General<br>Chief, Litigation Section |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY ANTONIO WILSON, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| J.J. MORGAN, et al., | : | |
| Defendants | : | No. 05-2997 |

COMMONWEALTH DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

INTRODUCTION

Plaintiff, inmate Leroy Wilson filed a pro se complaint alleging claims under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. Compl. VI. "Punitive Damages." He seeks compensatory and punitive damages. Compl. VI.

Defendants the Pennsylvania Board of Probation and Parole ("Board"), Scott Dominick, and Dennis Powell (collectively, "Commonwealth defendants") now move to dismiss plaintiff's complaint. Assuming only for the purposes of this motion that his allegations are true, plaintiff still fails to state any claim upon which relief may be granted. His complaint, therefore, should be dismissed.

RELEVANT FACTUAL ALLEGATIONS

Plaintiff is an inmate incarcerated at the Montgomery County Correctional Facility. Compl. I ¶ a. He alleges that he was wanted on a parole violation for not reporting to his parole agent. Compl. V. ¶ 1.[1] He states that he did not report because Parole Agent Scott Dominick had caused him duress. Id. at ¶ 2. While plaintiff was on parole, Dominick allegedly demanded a key to plaintiff's home and required that caller identification be removed from his telephone. Id. at ¶¶ 3-4.

Plaintiff also violated his parole by testing positive for cocaine four times. Id. at ¶ 5. He requested to be placed in rehab, but Dennis Powell, also a Parole Board employee, told him to clean up. Id. at ¶ 5.

Plaintiff evidently was given the choice to be returned to custody as a parole violator or to help the Parole Board identify other parolees who were selling drugs. Id. at ¶ 6. Plaintiff apparently could not deal with a Pottstown Police officer, Raymond Havirlak, because Havirlak was involved in another of plaintiff's lawsuits. Id. Powell did not care about plaintiff's problems with Havirlak and "just wanted [plaintiff] to set someone up." Id.

Plaintiff had electronic monitoring on his ankle evidently as a condition of his parole. Id. at ¶ 7. He was required to be in his home at 8:00 p.m. Id. While plaintiff was doing his undercover work, he was arrested for public drunkenness. Id. The arrest led to his violating his curfew. Id. He told the police he was doing undercover work for the Parole Board, for which Powell "cursed [him] out." Id.

---

[1] Plaintiff renumbers his allegations with each new section. The allegations concerning the Board and its employees are on page 3.

2

Because he faced the stress and fear of going back to jail and was fearful because he was "setting up drug dealers," plaintiff removed his electronic monitoring device. Id. at ¶ 8. Accordingly, he became "wanted" by the Parole Board. Id. Apparently, plaintiff was later arrested by the Pottstown Police and was injured in the process. See generally Compl. V. "Pottstown Police" ¶¶ 1-8.

ARGUMENT

### STANDARD FOR DISMISSAL UNDER FED.R.CIV.P. 12(b)(1) AND 12(b)(6)

When considering a challenge under Rule 12(b)(1) and Rule 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in plaintiff's favor. Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1164-65 (3d Cir. 1987). A motion to dismiss pursuant to Rule 12(b)(1) allows a federal court to dismiss a suit for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction, typically the nonmovant, bears the burden of showing that the case is properly before the court at all stages of litigation. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir.1993).

Dismissal of a complaint for failure to state a claim is appropriate where it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Fed.R.Civ.P. 12(b)(6); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). In deciding a motion to dismiss for failure to state a claim the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the party

3

opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The same is true when considering a motion to dismiss for want of jurisdiction.  Scott v. Pa. Dep't of Public Welfare, No. Civ. A. 02-3799, 2003 WL 22133799 at * 2 (E.D. Pa. Aug. 28, 2003).  However, the Court need not credit broad conclusions unsupported by factual allegations.  Morse v. Lower Merion School District, 132 F.3d 902, 908, 909 (3d Cir. 1997); Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23, 24 (1st Cir. 1990).  If the facts alleged in the complaint would not entitle the plaintiff to any relief as a matter of law, the complaint should be dismissed.

> THE PAROLE BOARD AND DOMINICK AND POWELL IN THEIR OFFICIAL CAPACITIES ARE NOT 'PERSONS' UNDER SECTION 1983 NOR CAN THEY BE SUED FOR DAMAGES OWING TO THE ELEVENTH AMENDMENT

Plaintiff seeks damages against the Parole Board and Dominick and Powell in their individual and official capacities.  Id. at ¶¶ 9-11.  All claims against the Parole Board and against Dominick and Powell in their official capacities must be dismissed.  The Supreme Court's decision in Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), holds that states, state agencies, and state officials acting in their official capacities are not 'persons' as used in § 1983.  Will, 491 U.S. at 66.  The Court stated that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  Will, 491 U.S. at 66.  Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Id. at 71.

4

Additionally, "[t]he Eleventh Amendment is a jurisdictional bar and may be raised by a motion to dismiss." Bell Atlantic-Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n, 107 F. Supp.2d 653, 659 (E.D. Pa. 2000). The Eleventh Amendment immunizes states, state agencies, and state employees in their official capacities from suit in the federal courts. Will, 491 U.S. 89. A state may consent to be sued in federal court. Pennsylvania, however, has expressly withheld its consent. 42 Pa.C.S. §8521(b); see Florida Dept. of Health v. Florida Nursing Home Ass'n, 450 U.S. 147 (1981) (consent must specifically subject state to suit in federal court; general waivers of sovereign immunity insufficient).

The Parole Board is a state entity. See 61 P.S. § 331.2 (establishing the Parole Board as a Commonwealth administrative board). Accordingly, the Parole Board and its employees in their official capacities are not "persons" under § 1983. Further, such claims against these defendants are barred by the Eleventh Amendment. See Laskaris, 661 F.2d at 25-26 (citing Edelman v. Jordan, supra); Seeney v. Kavitski, 866 F. Supp. 206, 209-10 (E.D. Pa. 1994). Plaintiff's claims against the Parole Board and against Dominick and Powell in their official capacities should be dismissed.

### PLAINTIFF HAS NOT STATED A VIABLE FOURTH AMENDMENT CLAIM AGAINST COMMONWEALTH DEFENDANTS

Plaintiff appears to be asserting that he was subjected to the use of excessive force when he was arrested. Compl. V. "Pottstown Police" ¶¶ 1, 8. A claim for excessive force in the context of an arrest of a free citizen is properly characterized as one invoking the protections of the Fourth Amendment, which

5

guarantees citizens the right "'to be secure in their persons ... against unreasonable ... seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (1989). But plaintiff does not allege that either Dominick or Powell arrested him; he was arrested by the Pottstown Police. Id. Clearly no excessive force claim is tenable against Commonwealth defendants. Plaintiff's Fourth Amendment claims against them must be dismissed.

### PLAINTIFF CANNOT STATE A VIABLE FIFTH AMENDMENT CLAIM AGAINST COMMONWEALTH DEFENDANTS

Plaintiff also alleges that his Fifth Amendment rights were violated. Compl. VI. "Punative Damages." However, the due process clause of the Fifth Amendment applies only to the conduct of federal actors. Nguyen v. United States Catholic Conference, 719 F.2d 52, 51 (3d Cir.1983); Cherry v. City of Philadelphia, 2004 WL 2600684, *6 (E.D. Pa. Nov. 15, 2004). None of the Commonwealth defendants are federal actors, hence, no Fifth Amendment claim can be brought against them.

### PLAINTIFF HAS NOT STATED AN EIGHTH AMENDMENT CLAIM AGAINST COMMONWEALTH DEFENDANTS

The Eighth Amendment protects prisoners from cruel and unusual punishments. U.S. Constit. Amend. VIII. Plaintiff states that his Eighth Amendment rights were violated when unspecified defendants "acted outside of their authority by shooting unarmed person who was fleeing." Compl. VI. "Punitive Damages." These allegations relate to the actions of the Pottstown Police force, not Commonwealth defendants. Therefore, any Eighth Amendment claim against Commonwealth defendants should be dismissed.

### PLAINTIFF HAS NOT STATED A FOURTEENTH AMENDMENT CLAIM AGAINST COMMONWEALTH DEFENDANTS

Under the Fourteenth Amendment's Due Process Clause, a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Constit. Amend. XIV.  Generally, the Supreme Court has observed that parolees do not enjoy "the absolute liberty to which every citizen is entitled but only of the conditional liberty properly dependent on observance of special parole restrictions."  Morrissey v. Brewer, 408 U.S. 471, 480 (1972). See Griffin v. Wisconsin, 483 U.S. 868, 874 (1987).

Plaintiff has not stated any facts that support a due process claim against Commonwealth defendants.  See Compl. VI. "Punitive Damages."  He simply states in a conclusory fashion that his rights to "life, liberty, and pursuit of Happiness" were impacted when he was injured.  Id.  Again, he does not allege any facts suggesting that Commonwealth defendants participated in the arrest which injured him.  See  Compl. V, "Pottstown Police" ¶¶ 1-8.  Further, as a matter of law, his re-incarceration did not violated the Due Process Clause.  Plaintiff admits that he violated parole in at least six ways (by four positive drug tests, arrest for public drunkenness, and his removal of the electronic monitoring device).  Compl. V., ¶¶ 5, 7-8.  He does not allege any facts suggesting that Commonwealth defendants denied him notice or a hearing: the hallmarks of due process.  Plaintiff has failed to state a viable due process claim against Commonwealth defendants.

Plaintiff also alludes to the Equal Protection Clause of the Fourteenth Amendment.  See  Compl. VI. "Punitive Damages."  Under the Equal Protection

7

Clause similarly situated persons should be treated in the same manner. <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985). Plaintiff does not show that Commonwealth defendants treated him differently then similarly situated parolees of different races or classes. He fails to identify any other similarly situated parolee who was intentionally treated differently without a rational basis. Therefore, he has failed to state an equal protection claim.

<u>CONCLUSION</u>

For all of the above reasons, Commonwealth defendants' motion to dismiss should be granted.

                THOMAS W. CORBETT, JR.
                Attorney General

                /s GREGG W. MARSANO
                _____

                Gregg W. Marsano
                Deputy Attorney General
                Attorney I.D. No. 87964

| | |
|---|---|
| Office of Attorney General | Susan J. Forney |
| 21 S. 12th Street, 3rd Floor | Chief Deputy Attorney General |
| Philadelphia, PA 19107 | Chief, Litigation Section |
| Phone: (215) 560-1581 | |
| Fax:     (215) 560-1031 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY ANTONIO WILSON, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| CORPORAL JAMIE O'NEILL, et al. | : | No. 05-2997 |
| Defendants | : | |

CERTIFICATE OF SERVICE

I, Gregg W. Marsano, Deputy Attorney General, hereby certify that the foregoing Motion has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of the Motion was mailed on November 1, 2005, by first class mail, postage paid to:

Leroy Antonio Wilson, #GG-2316 & Christine E. Munion
State Correctional Institution     Devlin & Devine
  at Graterford                    100 W. ELM ST - Suitte 200
P.O. Box 244                       Conshohocken, PA 19428
Graterford, PA 19426               610-397-4600
                                   Fax: 610-397-4629
                                   christine.munion@stpaul.com

THOMAS W. CORBETT, JR.
Attorney General

/s GREGG W. MARSANO
_____
Gregg W. Marsano
Deputy Attorney General
Attorney I.D. No. 87964

Office of Attorney General           Susan J. Forney
21 S. 12th Street, 3rd Floor         Chief Deputy Attorney General
Philadelphia, PA 19107               Chief, Litigation Section
Phone: (215) 560-1581
Fax:   (215) 560-1031